IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:

BK 07-70202-CMS-13

JACOB ROSS HOLMAN and
AMYE MICHELLE HOLMAN

    Debtors.

JACOB ROSS HOLMAN, AMYE MICHELLE
HOLMAN, GERALD C. GARNER and
STACY KIM GARNER, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.    AP 09-70031-CMS

CITIMORTGAGE, INC.,

    Defendant.

## MEMORANDUM OF DECISION

This matter came before the court on November 19, 2009 for hearing on Citimortgage, Inc.'s ("Defendant") Motion to Dismiss ("Motion to Dismiss"). (AP Doc. 18). Steve Olen and Claude M. Burns, Jr. appeared on behalf of Jacob Ross Holman, Amye Michelle Holman, Gerald C. Garner and Stacy Kim Garner (collectively "the Plaintiffs"); Rik Tozzi appeared on behalf of the Defendant. After consideration of the evidence submitted and the arguments of counsel this court **DENIES** the Defendant's Motion to Dismiss.

### JURISDICTION

The Bankruptcy Court has jurisdiction of this case pursuant to 28 U.S.C. § 1334(a). This court has jurisdiction of this issue, a core bankruptcy proceeding, pursuant to 28 U.S.C. § 157(b)(2).

Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Court for the Northern District of Alabama, signed July 16, 1984, as Amended July 17, 1984.

**FINDINGS OF FACT**

The Plaintiffs allege the following in their Amended Complaint: Plaintiffs Jacob Holman and Amye Holman filed their Chapter 13 bankruptcy petition February 8, 2007. On December 8, 2007, the Defendant, with the active participation and consent of one or more of its attorneys, filed an improper and fraudulent affidavit in support of a motion for relief from stay that Defendant had filed in Plaintiffs Jacob and Amye Holman's bankruptcy case. Defendant's affidavit was improper and fraudulent in that the signature page was executed and/or notarized separate and apart from the affidavit. Defendant's affidavit purportedly was signed by its employee Monique Bequette on December 6, 2007, and purportedly was notarized by its employee Jennifer Llamas on December 3, 2007. The affiant's signature and the notary's signature are on a separate page from the substantive paragraphs of the affidavit, and that is a common and widespread practice in numerous other affidavits filed by Defendant in support of motions for relief from stay. The pages of the affidavit are not numbered, and that is a common and widespread practice in numerous other affidavits filed by Defendant in support of motions for relief from stay.

Plaintiffs Gerald Garner and Stacy Garner filed their Chapter 13 bankruptcy petition August 27, 2004. On February 26, 2005, the Defendant, with the active participation and consent of one or more of its attorneys, filed an improper and fraudulent affidavit in support of a motion for relief from stay that Defendant had filed in Plaintiffs Gerald and Stacy Garner's bankruptcy case. Defendant's affidavit was improper and fraudulent in that the signature page was executed and/or notarized

2

Case 09-70031-JHH    Doc 27    Filed 05/06/10    Entered 05/06/10 16:03:56    Desc Main
Document      Page 2 of 11

separate and apart from the affidavit. Defendant's affidavit purportedly was signed by its employee Ann Marie Baker on February 21, 2005 and purportedly was notarized by its employee Christina Crampton on February 21, 2005. Defendant's affidavit states that a mortgage is attached to Defendants' motion for relief. However, the mortgage bears a fax legend dated February 24, 2005 from Hale County Probate Court. The affiant's signature and the notary's signature are on a separate page from the substantive paragraphs of the affidavit, and that is a common and widespread practice in numerous other affidavits filed by Defendant in support of motions for relief from stay. The pages of the affidavit are not numbered, and that is a common and widespread practice in numerous other affidavits filed by Defendant in support of motions for relief from stay.

Essentially, the Amended Complaint alleges that Defendant has made an institutional practice of filing false affidavits in this court, and elsewhere,[1] in support of its motions for relief from the automatic stay. The Amended Complaint further alleges that the allegedly false affidavits submitted by the Defendant in the Plaintiffs' cases are just two examples of a widespread practice by the Defendant of filing improper affidavits. It is alleged that this harms not only individual debtors, but also defiles the court and prevents it from operating properly.

Plaintiffs' Amended Complaint asserts three separate causes of action. First, the Plaintiffs assert that Defendant's "actions violate the Bankruptcy Code and Rules and constitute an abuse of the bankruptcy process." Plaintiffs further "invoke the Court's inherent powers and the Court's powers under § 105 of the Bankruptcy Code." Second, the Plaintiffs assert that Defendant's "actions violate the Bankruptcy Code and Rules and constitute fraud on the bankruptcy court." Plaintiffs

---

[1] The court notes that there are similar class action suits pending in both the Southern and Middle Districts of Alabama.

further "invoke the Court's inherent powers and the Court's powers under § 105." Third, the Plaintiffs assert that they are entitled to prospective injunctive relief that enjoins the Defendant from engaging in the acts and practices described in the Amended Complaint with respect to any debtor who is a member of the class certified by the court. Plaintiffs further "invoke the Court's inherent powers and the Court's powers under § 105."

In addition to seeking class certification, which has not been granted, Plaintiffs also seek damages, including disgorgement and refund or credit for fees charged, sanctions and punitive damages, as well as an order declaring Defendant's practices improper, illegal, and fraudulent. Plaintiffs also seek attorney fees and costs.

## CONCLUSIONS OF LAW

The Defendant seeks dismissal of the Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b), made applicable in bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 7012. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Defendant seeks to have the Amended Complaint dismissed on six separate grounds:

(1) Plaintiffs' "fraud on the court" claim fails to state a claim upon which relief can be granted;
(2) Section 105 of the Bankruptcy Code does not create a private right of action;
(3) Plaintiffs' claims are barred by the doctrine of res judicata;
(4) Plaintiffs' claims are barred by the doctrine of waiver;

4

(5) Plaintiffs' claims are barred by the doctrine of laches; and
(6) Plaintiffs' claims are barred by the one year time period established by Federal Rule of Civil Procedure 60(b).

The court will address each of these in turn.

Fraud on the Court

Defendant asserts that Plaintiffs' fraud on the court claim fails to state a claim upon which relief can be granted because Plaintiffs did not plead any factual allegations to suggest that the affidavits at issue had any impact on the motions for relief from stay filed in the Plaintiffs' bankruptcy cases. This court does not agree. "[F]raud upon the court itself does not require damage to a party. It requires proof of actions that abuse or defraud the court system and/or a particular court itself, particularly if the fraud is a recurring one as alleged in the complaint." Tate v. Citimortgage, Inc. (In re Tate), No 09-01059, slip op. at 7 (Bankr. S.D. Ala. Oct. 29, 2009). Plaintiffs' allegations in the Amended Complaint, taken as true for the purposes of this Motion to Dismiss, would prove "actions that abuse or defraud the court system." Therefore, the fact that Plaintiffs did not allege that Defendant's actions affected the outcome of the motions for relief from stay filed in their bankruptcy cases is not relevant to the determination of whether Plaintiffs have failed to state a claim upon which relief can be granted.

Defendant also asserts that Plaintiffs' fraud on the court claim fails to meet the pleading standards recently set down by the Supreme Court, which require a plaintiff to allege claims with "facial plausibility." Ashcroft, 129 S.Ct. at 1937. In both the Southern and Middle Districts of Alabama, this same argument has been made and rejected. See Woodruff v. Chase Home Finance, LLC (In re Woodruff), No. 09-8014-WRS, 2010 WL 386209, at *7 - *8 (Bankr. M.D. Ala. Jan. 27, 2010); Tate v. Citimortgage, Inc. (In re Tate), No 09-01059, slip op. at 7-8 (Bankr. S.D. Ala. Oct.

5

29, 2009). This court agrees with the conclusions reached in those decisions: Plaintiffs' allegations that fraud was perpetrated on the court by an officer of the court, as well as the allegations of conduct which defiles the court process are sufficient for this court to find that there is "facial plausibility" to the Plaintiffs' claim for fraud on the court. See, e.g., Travelers Indemnity Co. v. Gore, 761 F. 2d 1549, 1552 (11th Cir. 1985) ("Fraud upon the court should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging in cases that are presented for adjudication, and relief should be denied in the absence of such conduct.")

This court finds that Defendant has failed to show that the Plaintiffs have failed to state a claim upon which relief can be granted, and the court will not dismiss the Plaintiffs' Amended Complaint upon those grounds.

<u>Section 105</u>

Defendant asserts that Plaintiffs' Amended Complaint must be dismissed because it alleges a cause of action pursuant to § 105, and § 105 does not confer a private right of action to collect damages. In essence, Defendant argues that because Plaintiffs did not cite to a bankruptcy code provision that Defendant violated, Plaintiffs' cause of action must fail. While this court agrees with the general proposition that § 105 is a means to enforce the Bankruptcy Code rather than the creator of independent causes of action, this court does not agree that this proposition means that Plaintiffs' asserted causes of action must fail.

Although Plaintiffs cited to § 105 numerous times in their Amended Complaint, this court recognized above that the Amended Complaint states a plausible claim for fraud on the court.

6

Therefore, "[t]his [c]ourt is of the view that this civil action is an independent action alleging fraud on the [c]ourt, seeking relief from prior orders entered as a result of the fraud, and not an action predicated on [s]ection 105 of the Bankruptcy Code." In re Woodruff, 2010 WL 386209, at *8. While this court is willing accept that § 105 might be used in fashioning a remedy if Plaintiffs are able to prove their claim of a fraud on the court, this court does not accept that the fashioning of a remedy is the same as creating an independent cause of action. See id.

Even if this court is incorrect about fraud on the court being an independent cause of action, it is "difficult to conceive of a more appropriate use of a court's inherent power than to protect the sanctity of the judicial process-to combat those who would dare to practice unmitigated fraud upon the court itself." Aoude v. Mobil Oil Corp., 892 F. 2d 1115, 1119 (1st Cir. 1989). "To deny the existence of such power would . . . foster the very impotency against which the Hazel-Atlas Court specifically warned." Id.

Based upon the foregoing, this court finds that fraud on the court is an independent cause of action, and that even if it was not, § 105 would be an appropriate vehicle to bring a claim for fraud on the court because it is necessary for the court to be able to address frauds perpetrated upon it. Therefore, Plaintiffs' cause of action for fraud on the court is not barred by the general proposition that § 105 does not create a private cause of action.

### Res Judicata

Defendant asserts that any causes of action relating to the affidavits filed with the motions for relief from stay in the Plaintiffs' bankruptcy cases are barred by the doctrine of res judicata. The doctrine of res judicata provides that "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." Kaiser

7

Aerospace and Electronics Corp. v. Teledyne Industries, Inc. (In re Piper Aircraft Corp. ), 244 F. 3d 1289, 1296 (11th Cir. 2001).  See also Travelers Indemnity Co. v. Gore, 761 F. 2d 1549, 1552 (11th Cir. 1985) ("Courts have consistently held that a party is precluded by res judicata from religitation in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action.").   The Defendant relies heavily upon the Gore case handed down by the Eleventh Circuit Court of Appeals in 1985.  Travelers Indemnity Co. v. Gore, 761 F. 2d 1549, 1552 (11th Cir. 1985).  However, this court finds the Gore case distinguishable because this case involves a cause of action for fraud on the court, while the Gore case did not.  In addition, even assuming that the Plaintiffs had a "fair opportunity to make his claim or defense" at the time the motions for relief from stay were filed, such failure to "exercise the highest degree of diligence" does not mean that the Defendant can escape the consequences of any fraud perpetrated on this court.  Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246, 64 S. Ct. 997, 1001 (1944), *abrogated on other grounds by* Standard Oil Co. v. U.S., 429 U.S. 17, 97 S. Ct. 31 (1976).  "No court can be prevented from determining whether an attorney or litigant has abused the court or the judicial process merely because no party caught the impropriety before a ruling.  A debtor's focus on his or her own issues should not allow fraudulent practices to be ignored or punishment for them avoided." Tate v. Citimortgage, Inc. (In re Tate), No 09-01059, slip op. at 11 (Bankr. S.D. Ala. Oct. 29, 2009).  Based upon the foregoing, this court finds that the doctrine of res judicata does not bar the Plaintiffs' fraud on the court suit.

Waiver

Defendant asserts that Plaintiffs have waived any claim relating to the affidavits filed with the motions for relief from stay because they failed to raise any such claim before such motions were

8

resolved. As detailed above, this court has found that Plaintiffs have stated a plausible claim for fraud on the court. When the claim raised is fraud on the court, lack of diligence of the parties to the original transaction does not determine the outcome:

> But even if Hazel did not exercise the highest degree of diligence Hartford's fraud cannot be condoned for that reason alone. This matter does not concern only private parties. There are issues of great moment to the public in a patent suit. Furthermore, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants. The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246, 64 S. Ct. 997, 1001 (1944), *abrogated on other grounds by* Standard Oil Co. v. U.S., 429 U.S. 17, 97 S. Ct. 31 (1976) (citations omitted). Based upon the foregoing, this court does not believe that waiver is an appropriate defense to a claim of fraud on the court. Even if such a defense was proper, this court is not convinced that it is an issue that should be resolved by a Motion to Dismiss. This court is required to accept as true the well-pleaded allegations contained in the Amended Complaint, and there is nothing in such complaint or in the record that affirmatively shows a waiver by the Plaintiffs. In re Woodruff, 2010 WL 386209, at *9. Based upon the foregoing, this court finds that the doctrine of waiver does not bar the Plaintiffs' fraud on the court suit.

Laches

Defendant asserts that the Plaintiffs' claims are barred by the doctrine of laches. On its face, the Amended Complaint shows that the Plaintiff Garners waited over fours years from the date of the filing of the affidavit with this court to file this cause of action and the Plaintiff Holmans waited

a year-and-a-half. Defendant asserts that since the time the affidavits were filed "the attorneys and employees of the law firms responsible for filing the affidavits, along with other witnesses, have undoubtedly become dispersed. Furthermore, key documents may have been lost forever." Citimortage, Inc.'s Memorandum of Law in Support of Its Motion to Dismiss, No. 09-70031 (Bankr. N.D. Ala. Oct. 30, 2009). In order to assert that the doctrine of laches applies in this case, Defendant must show that "'the plaintiff delayed inexcusably in bringing the suit and that this delay unduly prejudiced defendant.'" Tate v. Citimortgage, Inc. (In re Tate), No 09-01059, slip op. at 5 (Bankr. S.D. Ala. Oct. 29, 2009) (quoting Equal Employment Opportunity Commission v. Dresser Inds., Inc., 668 F. 2d 1199, 1202 (11th Cir. 1979)).

> "Because a court asked to apply laches must determine the reasonableness of - and hence the reasons and excuses for-the plaintiff's delay in filing suit, as well as the resulting prejudice suffered by the defendant, laches generally cannot be decided on a motion for summary judgment let alone a motion to dismiss."

Id. (quoting Axcan Scandipharm, Inc. v. Ethex Corp., 585 F. Supp. 2d 1067, 1081 (D. Minn. 2007)). Based upon the foregoing, this court finds that the doctrine of laches does not bar the Plaintiff's fraud on the court suit, at least for purposes of the Motion to Dismiss.

### Rule 60(b)

Defendant asserts that pursuant to Federal Rule of Civil Procedure 60, made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule of Civil Procedure 9024, when a party seeks relief from a final judgment, order, or proceeding resulting from an alleged fraud by the opposing party, the party must bring that motion no more than a year after entry of the judgment or order or the date of the proceeding. FED. R. CIV. PRO. 60(b) & (c). This assertion of Defendant's ignores the exception to the one-year time limit contained in Rule 60(d):

> (d) This rule does not limit a court's power to:
>> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding . . . .
>> (3) set aside a judgment for fraud on the court.

FED. R. CIV. PRO. 60(d). Because the court concluded above that the Plaintiffs have stated a claim for fraud on the court, Rule 60(d) applies in this case. Therefore, the one-year time limit contained in Rule 60(c) does not apply and does not bar this suit. In re Woodruff, 2010 WL 386209, at *10 ("Given the Court's conclusion that the Plaintiff has stated a claim for fraud on the Court, the exception contained in Rule 60(d) applies hear [sic] and does not bar this suit.").

## CONCLUSION

It is possible that relief could be granted to the Plaintiffs based upon the facts stated in the Amended Complaint. Therefore, dismissal is inappropriate at this time and the Defendant's Motion to Dismiss is hereby **DENIED**.

An Order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this May 6, 2010.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge